WILLIAM S. BAKER *vs.* JAMES M. CUSHMAN.

Suffolk.    March 7. — June 27, 1879.    MORTON & ENDICOTT, JJ., absent.

A joint convention of the two branches of a city council, after taking and counting a ballot for a municipal officer, may, at the same meeting, and before the result of the election has been declared, treat the proceeding as irregular and invalid, and vote anew.

PETITION for a writ of mandamus to compel the delivery of the books, papers and records, appertaining to the office of city clerk of the city of Taunton, to the petitioner, who claimed to have been duly elected city clerk for the present year, in accordance with the act to establish the city of Taunton, St. 1864, *c.* 209, § 8, which provides that the city council (which consists, when full, of eight members of the board of aldermen and twenty-four members of the common council) shall annually, as soon as may be after its organization, elect by joint ballot a city clerk and other city officers for the ensuing year.    Hearing before *Endicott*, J., who made a report of the case for the determination of the full court, so much of which as is material to the understanding of the point decided was as follows:

On January 6, 1879, the eight aldermen and twenty-three of the common council chosen for that year duly met in convention and were qualified, and on the evening of the same day again met in convention for the purpose of electing a city clerk and other officers.    Two ballotings were had for the election of city clerk; on the first ballot, thirty-one members voting, thirty-two votes were cast, of which the petitioner had seventeen, the respondent fourteen, and Laurens N. Francis one; the election was declared void, no one objecting to such declaration.    By unanimous consent, no objection being made by any member of the convention, the convention proceeded to a second balloting, when thirty-one votes were cast, of which the respondent had seventeen and the petitioner fourteen; and then, in joint convention, no one objecting thereto, the respondent was declared duly elected city clerk for 1879, and a record thereof was made at the time in the city books, and the convention adjourned without day.

So much of the record in the city books as concerns this elec-tion was as follows: "Upon motion, a ballot was taken for city clerk. The whole number of votes cast was thirty-two (32). William S. Baker had seventeen (17), Laurens N. Francis had one (1), James M. Cushman had fourteen (14). The whole num-ber of votes cast being thirty-two (32), and the number of quali-fied members being only thirty-one (31), the vote was declared void, and the convention proceeded to ballot again, with the fol-lowing result: Whole number of ballots thirty-one (31). William S. Baker had fourteen (14), James M. Cushman had seventeen (17), and was declared elected. Upon motion, the convention dissolved."

*W. H. Fox*, for the petitioner.

*T. M. Stetson & S. M. Thomas*, for the respondent.

GRAY, C. J. Whether we look to the record only, or to the facts found by the judge before whom this petition. was heard, it does not appear that there was a complete election of the petitioner to the office of city clerk; but it does appear that the vote by which he appeared to be elected was immediately declared void, and the convention at once proceeded to another vote, in which all the members took part, resulting in the elec-tion of the respondent, and he was accordingly declared to be elected. It was within the lawful power of the convention, at the same meeting, and before the result of the election had been declared, to treat the proceedings already had as irregular and invalid, and to vote anew. The petitioner therefore acquired no right to the office. *State* v. *Foster*, 2 Halst. 101. As this view is decisive of the case, it is unnecessary to consider the other objections to the issue of a writ of mandamus.

*Petition dismissed.*