OTIS F. PUTNAM *vs.* JOHN R. LANGLEY & others.

Essex. November 1, 1881; May 6. — July 3, 1882.

The election of a water commissioner of a town was required by statute to be by ballot, and at the annual town meeting for the election of town officers. The moderator of the meeting at which such officer was to be voted for appointed a committee of five citizens to count the ballots cast, who reported to him, and he announced the vote, and a certain person was declared elected by a majority of one vote. A motion was thereupon made and carried that the votes be recounted by a new committee. The moderator then appointed a new committee, who recounted the votes and reported that another person was elected by a majority of one vote, and the moderator so declared the vote, stating that it so appeared by the recount. No objection was made to this declaration. The ballots were not preserved, and it did not appear where the ballot-box was during the time that elapsed between the first declaration and the recount. *Held,* on a petition for a writ of mandamus by the person declared to be elected on the recount, that he was entitled to the office; and that mandamus was the proper remedy.

PETITION for a writ of mandamus, to compel the respondents John R. Langley and Daniel Richards, as water commissioners of the town of Danvers, to recognize, receive and act with the petitioner as a member of said board, and to compel the respondent Josiah Ross to refrain from acting as such member. Hearing before *Endicott*, J., who ordered the petition to be dismissed; and, at the request of both parties, reported the case for the determination of the full court, such judgment to be entered as law and justice might require. The facts appear in the opinion.

The case was argued at the bar in November 1881, and was afterwards submitted on briefs to all the judges.

*D. N. Crowley & T. M. Osborne,* for the petitioner.

*J. A. Gillis,* for the respondents.

DEVENS, J. The election of water commissioners was required to be by ballot, and at the annual town meeting of the town of Danvers for the election of town officers. St. 1874, *c.* 191. The moderator of the meeting at which such officer was to be voted for appointed a committee of five citizens to count the ballots cast, who made report to him, and he announced the vote, and Josiah Ross was declared elected by a majority of one vote. A motion was thereupon made that the votes be recounted by a new committee, which was carried. The moderator then

appointed a new committee, who recounted the votes, made report that the petitioner was elected by a majority of one vote, and the moderator so declared the vote, stating that it so appeared by the recount. These facts appear by the record. To this declaration no objection appears to have been made. As the ballots were not preserved and produced, and as there was no evidence where the ballot-box was during the time that elapsed between the first declaration and the recount, the recount cannot be said to be conclusively shown to have been correct, and unless, in connection with the fact that the declaration of it was unquestioned, it is in law so to be deemed, this petition cannot be maintained.

No provision is made by statute as to the mode in which, or the persons by whom, the result of such an election shall be ascertained. This must necessarily be done by the meeting itself, and, from its character and the numbers who compose it, must primarily be effected by a count of the votes by the moderator or other officers, or by a committee appointed by the meeting, or by its officers with its assent. Such committee is an instrument of the meeting, and not a distinct counting or canvassing board. No special force can be given to the declaration of the moderator, after such a committee reports the result of the count to him, that an officer is elected. It can amount to no more than a statement by him that the officer appears by such count to be elected. As the meeting is charged with the duty of making an election by a ballot, if a majority of its members desire further examination of the correctness of the result reached by the committee, it must be its right to subject such result to further scrutiny. If the result announced is assented to directly, or perhaps indirectly by proceeding with other business, and an examination of the subject is thus closed, there would be much force in the argument that the election would be fully completed; and that, as an officer once lawfully elected by ballot cannot be arbitrarily deposed, further action by the meeting would be as ineffectual as the action of a subsequent meeting. But when, the committee having made its announcement through the moderator, a motion is " thereupon " (which must mean without delay or lapse of time) made and carried that the votes shall be recounted, and, such recount being made and announced, it is either formally

accepted or no objection is made thereto, it must be regarded as the decision of the body entitled to determine the matter. No earlier opportunity existed to object to the count or suggest possible error in it. The power thus to recount the ballots is not like the power to reconsider a vote passed by the town in the management of its municipal affairs, but is simply an ascertainment and verification of that which has been done.

It is said, if this is so, committee may succeed committee indefinitely in counting and recounting the ballots, and the final count will be arbitrarily permitted to stand to the exclusion of all that have preceded it, while it is equally subject to error. But if the final count commands the assent of the meeting as correct, there is every reason why this should be so, unless at least it can be shown to have been clearly wrong. Whether, if this could be proved, the final count could be set aside, need not be discussed, as there is no such proof. Until the meeting accepted the result of the count, negatively at least, by failure to make any further suggestion or objection, the ballots should have been in the hands of the committee, or of the moderator, to whom it might have returned them with its report. It cannot be inferred that they were not in proper custody when the recount was ordered.

While the precise question under discussion has not been passed upon, the great importance which is attributed to the action of towns and other public bodies entrusted with the duty of electing officers is shown by the cases of *Attorney General* v. *Simonds*, 111 Mass. 256, 259, *Baker* v. *Cushman*, 127 Mass. 105, and *State* v. *Foster*, 2 Halst. 101.

A majority of the court is therefore of opinion that the petitioner is entitled to the office of water commissioner which he seeks.

There only remains the inquiry whether his remedy is by writ of mandamus, and this appears to be clearly settled. *Strong, petitioner*, 20 Pick. 484. *Conlin* v. *Aldrich*, 98 Mass. 557. *Pearsons* v. *Ranlett*, 110 Mass. 118, 126.

*Peremptory mandamus to issue.*