FRANKLIN P. WOOD *vs.* JOHN E. CUTTER & others.

Middlesex. Nov. 14. — 17, 1884. FIELD & COLBURN, JJ., absent.

The school committee of a town, having been required by a vote of the town to appoint a superintendent of schools, may, after having elected such superintendent by ballot, reconsider the vote at the same meeting, and before it has been communicated to the person appointed, and, at an adjourned meeting, elect another person by a yea and nay vote.

HOLMES, J. This is a petition for a writ of mandamus to the school committee of the town of Acton, commanding them to permit the petitioner to perform the duties and receive the emoluments of the office of superintendent of schools. The only facts material to our decision are, that, on April 7, 1884, the town by vote required the school committee to appoint a superintendent (Pub. Sts. *c.* 44, § 43); that, at a meeting of the school committee held the same day, it was voted to proceed to a formal vote for superintendent; that a majority of the votes cast were for the petitioner, the voting being by ballot; that it was then voted "to reconsider the last vote for superintendent if could do it legally;" and that, at an adjourned meeting, all the members of the board being present, Frederic C. Nash had three votes, the other three members of the board not voting. The votes at this meeting were yea and nay. Nash was duly notified, and has since performed the duties of his office.

We are all of opinion that the petitioner shows no right to the office, and that the writ ought not to issue. This is not the

case of a fluctuating body, like a town meeting, nor is it one where the law prescribes a particular mode of voting in the performance of some public duty, as, for instance, the ballot, where it would be open to question whether the power to reconsider, if it were held to exist, would not practically destroy the secrecy intended to be secured. Both these elements concurred in *Putnam* v. *Langley*, 133 Mass. 204, and when it was suggested in that case, that perhaps, after a ballot had been taken and the result in favor of a candidate announced and accepted, further action by the same meeting would be ineffectual, the suggestion plainly had reference only to the facts of the case before the court.

Here, the mode of voting was determined by the pleasure of the voting body. At the meeting of April 7, it was by ballot; at the adjournment, by yeas and nays. Under these circumstances, no reason has been suggested to us why this vote should not stand on the same footing as any other vote of a deliberative body, and remain subject to reconsideration at the same meeting and before it has been communicated. It begs the question to say that the board had once definitively voted in pursuance of the instructions of the town meeting, and therefore was *functus officio*, and could not reconsider its vote. The vote was not definitive if it contained the usual implied condition, that it was not reconsidered in accordance with ordinary parliamentary practice, and it must be taken to have been passed subject to the usual incidents of votes, unless some ground is shown for treating it as an exception to common rules. Whether the board could have cut down their powers of deliberation by communicating their vote before the meeting was closed, or otherwise, is not a question before us. It is enough to say that an implied condition is as effectual as an express one; and that, in this case, the condition which has been stated must be implied.

*Petition dismissed.*

*S. Hoar*, for the petitioner.

*R. D. Smith & F. C. Nash*, for the respondents.