ALLEN *v*. MORTON.

Opinion delivered April 4, 1910.

STATE UNIVERSITY—APPOINTMENT OF TREASURER.—Under the statute (Kirby's
Dig., § 4284) which provides that the board of trustees of the
University shall elect a treasurer, without designating how the elec-
tion shall be conducted, the appointment of a treasurer does not be-
come final until the meeting at which it was made terminated, and
may be set aside and another appointment made, at least until the
appointee is notified and has accepted.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge;
reversed.

*Walker & Walker,* for appellant.

If Morton received only four votes on the first ballot, he .
was not elected on that ballot.    53 Conn. 76; 55 Am. 65; 63
Atl. 512.    But, even if Morton were elected, the action of the
board in proceeding to a second ballot was equal to a removal,
and the person thereafter elected would be entitled to hold the
office.    Kirby's Dig., § § 4284 to 4291; 41 Am. St. R. 236; *Id.*
606; 97 N. W. 887.    Morton was not entitled to a hearing before
removal.    127 Cal. 388; 78 Am. St. 66; 136 Cal. 580; 81 Pac.
674.    The appointment was not irrevocable.    78 Conn. 636;
63 Atl. 512; 53 Conn. 76; 22 Atl. 686; 55 Am. 65; 1 Cranch
137; 44 Conn. 601; 133 Mass. 204.

*R. J. Wilson* and *McGill & Lindsay,* for appellee.

Morton was elected on the first ballot.    121 Ind. 206; 6

L. R. A. 315; 25 N. E. 136; 62 N. H. 383; 13 Am. St. 576; 113 Ill. 137; 55 Am. 405.

BATTLE, J.    W. H. Morton commenced an action against D. M. Allen in the Washington Circuit Court to recover the office of treasurer of the University of Arkansas, and for the salary of the office.    The facts in the case are substantially as follows:    At the regular annual meeting of the board of trustees of the University of Arkansas held in the city of Fayetteville, in this State, on the 8th day of June, 1909, the time fixed by law for the election of treasurer of the university, an election by ballot was held by such trustees for that officer.    The result of the first ballot was announced as follows:    Four votes were cast for W. H. Morton, two for D. M. Allen, one for F. P. Hall, and one was cast without a name on it.    The second ballot was announced as follows:    Four votes were cast for Morton and four for Allen; and, the vote being a tie, the Governor, who is *ex officio* a member and president of the board, voted for Allen, and declared him elected treasurer.    Five of the trustees testified, in the trial of the issues in this action, that they voted for Morton on both ballots.    No one of the trustees objected to or protested against the result of the ballot as announced, or to the appointment or election of Allen treasurer.    In due time he qualified, and entered upon the duties of treasurer.

The court found that Morton was elected treasurer, and so declared, and ousted Allen from office; and the defendant appealed.

The statutes of this State provide that a treasurer of the university shall be elected by the board of trustees, but do not provide the manner in which he shall be elected, but leave that within the discretion of the board.    Kirby's Digest, § 4284.    While providing that he shall be elected, they speak of his selection as an appointment.    They provide: "The board of trustees of the University of Arkansas at the first meeting after April 1, 1893, shall elect a secretary of the board and a treasurer of the university, who shall hold their offices two years and until their successors are *in like manner appointed* and qualified."    Correctly speaking, his selection is an appointment.    It is immaterial how he may be appointed if he is selected

by a majority of the board at a meeting authorized by law to do so. The mode of selection does not make it more or less than an appointment by the board. The appointment does not become final until the meeting at which it was made terminates, and until then it is subject to reconsideration by the board, and can be set aside and another made as often as they see fit. *Wood* v. *Cutter,* 138 Mass. 149; Throop on Public Officers, § § 84 and 89; 23 Am. & Eng. Encyclopedia of Law (2 ed.) 346, and cases cited. But we do not decide whether the board can deprive themselves of their power of reconsideration by communicating their appointment to the appointee and by his acceptance before the meeting closed, or otherwise. That was not done in this case, and is not a question before us.

In this case the defendant, Allen, was declared elected treasurer, and the whole board concurred in the declaration. No one objected. He was lawfully appointed treasurer of the university, and is entitled to the office.

Judgment reversed and action dismissed.