## Leigh v. Commonwealth.

(Decided June 13, 1924.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations—One Not Qualified as Voter Ineligible for Appointment as Chief of Police.—Under. Ky. Stats., sections 3138-2, 3138-3, one not a qualified voter was not eligible to appointment as chief of police in a city of second class.
2. Municipal Corporations—Chief of Police Ineligible to Appointment a "Usurper."—One not eligible appointed by proper officials as chief of police of a city of second class is a "usurper" within Civil Code of Practice, section 483, authorizing actions to oust usurpers.

MOCQUOT & BERRY for appellant.

A. M. NICHOLS and REED & BURNS for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

Pursuant to section 483 of the Civil Code the Commonwealth of Kentucky instituted this action in the McCracken circuit court against appellant, A. W. Leigh, seeking to oust him from the office of chief of police of the city of Paducah, which office it was charged he had usurped and was holding without lawful or any authority therefor. The petition alleges that Paducah, a city of the second class, is governed by a general council consisting of eight aldermen and twelve councilmen. That on January 7, 1924, the general council attempted to appoint or elect appellant chief of police and did declare him elected, he having received the votes of eleven of its members, the remaining eight votes, one member being absent, having been cast for other applicants; that thereafter appellant undertook to qualify as such chief of police by attempting to execute the bond required by law, and since that time he has pretended to be chief of police and assumed and continues to assume to perform

the duties pertaining to that office and to receive the fees and emoluments thereof without right or authority. It is charged that he was not qualified or eligible to receive or accept said election or to hold said office either when elected or at any time since, and that his attempted election and qualification were and are void and of no effect because of the fact that he was not, at any of the times mentioned, a qualified voter of the city of Paducah and could not have been such for the reason that for more than twelve consecutive months prior to November, 1923, he had been a resident, qualified voter and public officer in the state of Illinois. Upon the foregoing allegations appellee prayed that appellant be required to answer by what warrant he claimed to have, use, exercise and enjoy the office of chief of police; that he be adjudged not entitled thereto and that a judgment of ouster therefrom be pronounced against him.

Appellant's demurrer to the petition setting out these facts having been overruled, he declined to plead further. The court thereupon entered a judgment ousting him from office in accordance with the prayer of the petition, and from that judgment he prosecutes this appeal.

Appellant contends that the action of the court was erroneous: (1) Because he was not ineligible to hold the office of chief of police, and (2) because whether ineligible or not he was not a usurper and therefore could not be ousted. Appellant's contention that he was not ineligible is without merit. It is admitted that he was not a qualified voter of the city of Paducah.

Section 3138-2, Kentucky Statutes, relative to cities of the second class authorizes the governing authority "to appoint a chief of police and all policemen; a chief of the fire department and all subordinates; to prescribe their duties, and to grade the officers of each department and prescribe their several duties."

Section 3138-3, Kentucky Statutes, reads in part as follows:

"The commissioners shall require all applicants for appointment as *members* of the police force or fire department to be examined as to their qualifications to fill the offices of policeman or fireman, and as to their knowledge of the English language and as to the law and rules governing the duties of policemen or firemen. Each *member* of the police force

or fire department shall be a qualified voter of the city in which he is appointed and be able to read and write and understand the English language, and to have such other qualifications as may be prescribed.

"No person shall be appointed a *member or officer* of the police force or fire department unless he is well known to be a man of sobriety and integrity, . . . nor shall any *officer or member* of said force or fire department be removed or discharged or reduced in grade, or in pay, for any political partisan opinion. . . . "

It will be seen that the foregoing section specifically states that "each *member* of the police force shall be a qualified voter of the city." Appellant contends that as chief of police he is an officer but not a member of the police force and that the law does not require an officer to be a qualified voter. The basis of this argument, if it may be called a basis, is the fact that although the term "member" is used in the statute in most instances in referring to the personnel of the police force there is also an occasional use of the phrase "officer or member," and appellant insists this latter circumstance evidences an intent on the part of the legislature to draw a distinction between the two by creating in one class officers of the police force and in another class members of the police force. Even if the statute were not clear upon the subject, we would be loath to hold, unless the contrary unmistakably appeared, that the legislature ever intended that the officers of the police force should not be members thereof. However, there is nothing in the statute to justify such a conclusion. When read as a whole it is readily seen that the term member was meant to and does include not only policemen but every officer of the force. The chief of police being an officer of the police force and therefore a member he must possess every qualification required by law of every other member of the force. Since the statute specifically states that every member must be a qualified voter of the city and appellant admits that he is not a qualified voter, it follows that he is ineligible to receive or hold the office of chief of police and his election thereto is null and void and of no force or effect.

Appellant insists, however, that even if he be ineligible he cannot be ousted by the appellee for the reason that he is not, as he claims, a usurper within the meaning of section 483 of the Civil Code, which authorizes actions

of this charcater only in cases where the occupant of the contested office is a usurper. The fallacy of this argument lies in the fact that appellant is a usurper both under the admitted facts and under the law applicable thereto, as this court has heretofore held. In the case of Francis v. Sturgill, 163 Ky. 650, this court, in discussing the effect of the ineligibility of an officeholder, said:

"If ineligible to hold an office, he becomes, when inducted into it, a usurper, and the law provides a distinct and exclusive remedy for his removal, which must be pursued."

See also Hill, etc. v. Anderson, etc., 28 R. 1032, and Commonwealth v. Adams, 3 Met. 7.

Since appellant is admittedly ineligible to hold the office of chief of police of the city of Paducah he is, in holding it, guilty of usurpation under section 483 of the Civil Code and is himself a usurper. It follows therefore that the judgment of the lower court ousting him from office was proper and it is accordingly affirmed.