## Board of Education of Boyle County et al. v. McChesney.

(Decided October 21, 1930.)

W. H. REYNOLDS and JAY W. HARLAN for appellants.

S. E. CLAY and HENRY JACKSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The board of education of Boyle county, on April 5, 1930, appointed Frank V. McChesney superintendent of the county schools for the term of one year beginning

July 1, 1930. The result was duly recorded on the minutes. At a meeting of the board held on June 7, 1930, it attempted to rescind its action taken in April and to revoke the appointment of McChesney. He sought and secured a mandatory injunction to compel the board of education to disregard the order of revocation and to recognize him as county superintendent. Some incidental principles of procedure are debated, but the main question to be determined is the power of the board to reconsider and revoke action once taken in the selection of a superintendent. The statute confers upon the board power to appoint a county superintendent of schools for a term not exceeding four years. Section 4399a-1, 10 Ky. Stats. It grants, also, the power of removal for incompetency, neglect of duty, or immoral conduct. Section 4399a-7. The power of removal, however, is only for cause, must be upon due notice, and with deference to the requirements of due process of law. Graham v. Jewell, 204 Ky. 260, 263 S. W. 693. Appointments to office may be made a reasonable time in advance of the time a vacancy is to arise. Prospective appointments to office soon to become vacant are generally deemed valid. 46 C. J. 952. People v. Fitzgerald, 180 N. Y. 269, 73 N. E. 55; Towne v. Porter, 128 App. Div. 717, 113 N. Y. S. 758; State of Ohio ex rel. v. Sullivan, 81 Ohio St. 79, 90 N. E. 146, 26 L. R. A. (N. S.) 515, 18 Ann. Cas. 139; Whitney v. Van Buskirk, 40 N. J. Law, 643; State ex rel. v. O'Leary, 64 Minn. 207, 64 N. W. 264. The one limitation on the principle is that the appointment must be made by the same authority that is authorized to act when the vacancy actually occurs. Harrod v. Hoover, 209 Ky. 162, 272 S .W. 400; Terry v. Cornett, 136 Ky. 628, 124 S. W. 870; Dixon v. Caudill, 143 Ky. 623, 136 S. W. 1043; Shepherd v. Gambill, 75 S. W. 223, 25 Ky. Law Rep. 333; Seller v. O'Maley, 190 Ky. 190, 227 S. W. 141; Walker v. Fox, 216 Ky. 33, 287 S. W. 228. But in so far as county school superintendents are concerned, the statutes expressly provide that the appointment may be made at any time after the 1st day of April of the year in which the term is to begin. Section 4399a-7. Cf. Caudill v. Bowen, 218 Ky. 207, 291 S. W. 44. Election to office usually refers to a vote of the people, whilst appointment relates to the designation of the officer by some individual or group. Speed v. Crawford, 3 Metc. 207; Police Commissioners v. City of Louisville, 3 Bush 597; McKinney v.

Barker, 180 Ky. 530, 203 S. W. 303, L. R. A. 1918E, 581. But it is argued that the county school superintendent, under the present statute, is not an officer with a fixed term and defined duties, but merely an employee of the board of education, to serve at its pleasure. Without pausing to consider the difference in consequences of the two relationships (cf. Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122), we do not hesitate to hold that a county superintendent of schools is an officer, and not an employee. A public officer "is a person vested with some portion of the functions of government, to be exercised for the benefit of the public." City of Louisville v. Wilson, 99 Ky. 604, 36 S. W. 944, 18 Ky. aw Rep. 427; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Bd. Drainage Com'rs McCracken County v. Lang, 187 Ky. 123, 218 S. W. 736; 46 C. J. sec. 2, p. 922. The county school superintendent is the executive officer and secretary of the board of education; he must attend all meetings of the board, and of every committee, except when his own tenure or salary or work is under consideration. Section 4399a-2. He may call special meetings of the board, and is authorized to advise on all matters concerning the administration of the schools and the adoption and enforcement of educational policies. Section 4399a-1, 4. He has the entire supervision of the schools of the county, and is the liaison officer of the board of education with the district trustees. He may administer oaths in connection with the administration of his office (section 4399a-13); he is required to formulate the budget (section 4399a-12); to sign all appropriations (section 4399a-5); to represent the state superintendent in the examination of teachers (section 4399a-10); and no contract of the board without his written approval is valid (section 4399a-10). The term of office may not exceed four years, and the salary of the officer must be not less than $1,200 per year. The salary is not subject to change during the term fixed by the board. Fox v. Lantrip, supra. He receives recommendations of teachers from the district trustees, and must report in writing to the board. He may recommend conferences of teachers. He has a number of other duties and is subject to serious responsibilities. See sections 4405, 4406, 4408, 4415, 4420a-1, and the various provisions of sections 4399a-1 to 4399a-14, Kentucky Statutes; cf. Schultz v. Ohio County, 226 Ky. 633. One of the main objects of

government, and especially of a government like ours, depending for its support and preservation upon the character and intelligence of its individual citizens, is the education of its youth. One of the mandates of the Constitution is that "the general assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state." Section 183. Onerous taxes are levied annually and paid willingly by the people for this essential governmental service. The county superintendent of schools is invested with many of the functions of government concerning the county common schools, and one charged with such transcendent duties falls necessarily within the definition of a public officer. Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Piercy v. Smith, 117 Ky. 990, 80 S. W. 201, 25 Ky. Law Rep. 2158; Breathitt County v. Noble (Ky.) 116 S. W. 777. Whether mere technical tests or a broad application of principle be considered, a county school superintendent, under the present statutes, must be held to be clothed with a portion of the functions pertaining to sovereignty, and, consequently, a public officer. The change in the statutes respecting the election of the superintendent did not convert the character of the office into mere employment.

But it is said that the power of removal does not arise until the appointee has been installed in the office, and during that period his appointment is subject to recall. We need not determine whether the power of removal is so circumscribed, since there was no attempt in this instance to employ that authority. It may be noted, however, that no restriction appears in the statute defining the power, and the grounds of removal are not limited to mere misconduct while in the office. Cf. Graham v. Jewell, 204 Ky. 260, 263 S. W. 693. It covers incompetency and immoral conduct, as well as neglect of duty, and would seem to be broad enough to be applied at any time after appointment to the office. The board of education has nothing to do with inducting into office the person chosen by it to be county superintendent. Its function is fullly performed when it makes the choice. The superintendent merely takes the oath (Const. sec. 228) and assumes the duties of the office. If, by virtue of his office, he is authorized to act as treasurer, he is required to give bond. Section 4499a-13. When a power is given and has been exercised, and the repository of the

power has no further control over the subject, except to remove the appointee for cause, the appointing power is exhausted and may not be reconsidered. If the power belongs to a board, its act is complete when the meeting has adjourned. What remains to be done to complete the occupation of the office must be done by the appointee and not by the appointing power. The office then has a duly selected person authorized to assume it, and, in the absence of some new circumstances, such as failure to qualify, or refusal to accept the office, there is no power to put another in the position. McChesney v. Sampson, 232 Ky. 395, 23 S. W. (2d) 584; Crowe v. Yates, 219 Ky. 49, 292 S. W. 483. An appointment to office once completed is irrevocable. 46 C. J. p. 954, sec. 69. It is completed when the last act of the appointing authority has been accomplished. Marbury v. Madison, 1 Cranch. 137, 2 L. Ed. 60; People v. Cazneau, 20 Cal. 503; State v. Barbour, 53 Conn. 76, 22 A. 686, 55 Am. Rep. 65; State v. Starr, 78 Conn. 636, 63 A. 512; Speed v. Detroit, 97 Mich. 198, 56 N. W. 570; Haight v. Love, 39 N. J. Law, 14, affirmed 39 N. J. Law, 476, 23 Am. Rep. 234; Witherspoon v. State, 138 Miss. 310, 103 So. 134. An appointment, in some cases, is held to become absolute when the result has been ascertained and announced. State v. Starr, 78 Conn. 636, 63 A. 512; Baker v. Cushman, 127 Mass. 105; Carpenter v. Sprague, 45 R. I. 29, 119 A. 561; State v. Barbour, 53 Conn. 76, 22 A. 686, 55 Am. Rep. 65. In others, it is not completed until termination of the meeting at which the appointment is made. Allen v. Morton, 94 Ark. 405, 127 S. W. 450. In still others, the matter is not regarded as closed until the appointee has received his certificate of appointment. Conger v. Gilmer, 32 Cal. 75.

An appointment to office may be revoked, of course, at any time before the act becomes final. Allen v. Morton, supra; Baker v. Cushman, supra; Conger v. Gilmer, supra; State v. Foster, 7 N. J. Law, 101. Here the board had adjourned, and its minutes showing the appointment of McChesney had been approved. Thus the appointment became complete, and the power of the board for the time being was exhausted. Counsel cite the case of Reed v. Deerfield, 176 Mass. 473, 57 N. E. 961, to sustain the point that the board may rescind an election. In that case the superintendent was to be elected at a joint meeting of school committees from the

various towns. At the first meeting each individual delegate was allowed to vote, and some members entitled to vote were unavoidably absent. At an adjourned meeting the voting was by towns regardless of the numerical size of their committees so as to give equality of representation to the towns. The adjourned meeting was a continuation of the first one at which the chairman had declared no election. It was held that the adjourned meeting, in rescinding the vote taken at the original meeting, did not exceed its power. The principle of Baker v. Cushman, 127 Mass. 105, was applied. That principle was thus stated:

"A joint convention of the two branches of a city council, after taking and counting a ballot for a municipal officer, may, at the same meeting, and before the result of the election has been declared, treat the proceeding as irregular and invalid, and vote anew." Cf. Wood v. Cutter, 138 Mass. 149.

It is urged that McChesney did not accept the office until after he had been removed, and that acceptance of the offer of employment was essential to forestall withdrawal of the offer. The case is not to be determined by the rules that govern the making of private contracts. The board of education was exercising public authority, and when it elected the officer it was bound by that act unless a vacancy occurred by reason of a refusal to accept, a failure to qualify, or in consequence of some other cause. If the board should elect a person to the office and then ascertain that such person was lacking in the required educational qualifications, or the essential moral attributes, it would be necessary to resort to its power of removal. Ky. Stats., sec. 4399a-7. Graham v. Jewell, 204 Ky. 260, 263 S. W. 693. The formal acceptance of the appointment was immaterial so long as the appointee assumed the office when the term of the incumbent expired, or within a reasonable time thereafter. Brown v. Rose, 233 Ky. 549, 26 S. W. (2d) 503.

The incidental point of procedure that a mandatory injunction was not the appropriate remedy is rested upon the theory that the title to an office was involved, which is not to be tried in a proceeding for an injunction. Spurlock v. Lafferty, 214 Ky. 333, 283 S. W. 124; Anderson v. Fowler, 180 Ky. 587, 203 S. W. 322; Harrison v. Stroud,

129 Ky. 200, 110 S. W. 828, 33 Ky. Law Rep. 653, 16 Ann. Cas. 1050; Leigh v. Commonwealth, 203 Ky. 752, 263 S. W. 14; Francis v. Sturgill, 163 Ky. 650, 174 S. W. 753. But the case here is different. Injunctive process is available for the vindication of the rights of a duly appointed official and for the prevention of interference with him in assuming and in exercising the functions of his office. 32 C. J. P. 258, sec. 406; Henderson v. Lane, 202 Ky. 610, 260 S. W. 361; Denny v. Bosworth, 113 Ky. 785, 68 S. W. 1078, 24 Ky. Law Rep. 554.

The other arguments adduced for appellants are predicated upon the assumption that the county superintendent is a mere employee of the board and are disposed of by the decision that he is a public officer whose appointment once completed is irrevocable.

The judgment is affirmed.