## Chestnut et al. v. Reynolds.

June 19, 1942.

232

William Lewis & Son and H. H. Owens for appellants.

A. T. W. Manning for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

By unanimously adopted resolutions of the Laurel County Board of Education, the appellee was appointed superintendent of the Laurel County schools for a term of four years beginning July 1, 1942. The first of the two resolutions to this effect was adopted at the regular meeting of the Board held on November 14, 1941, and was preceded by a resolution appointing appellee to the office named for the unexpired term of the appellant, J. B. Reams, "effective on the date on which the resignation of the said J. B. Reams dated November 14th and addressed to the State Board of Education is accepted." The second of the two resolutions appointing appellee for a term of four years beginning July 1, 1942, was adopted at a regular meeting held on January 8, 1942. On February 7, 1942, the Board unanimously approved a contract between appellee and the Board employing appellee as superintendent, drawn and executed pursuant to the terms of the resolution adopted on January 8th. On March 7, 1942, by a vote of three to two, the same Board adopted a resolution rescinding and canceling "each and every order and minute" by which it had "attempted to elect and hire" appellee as superintend-

ent for four years beginning July 1, 1942. At the same meeting, and by the same vote, the appellant, Chestnut, was elected superintendent for the term referred to.

Other meetings of the Board are referred to in the pleadings and briefs, from which, together with the exhibits, we gather that on February 1, 1941, Reams, the then incumbent, had been elected superintendent for the four years beginning July 1, 1942, but had resigned, and that on December 6, 1941, following an effort of the Board to re-elect him, notwithstanding the appointment of appellee, had appeared before that body and filed a written statement waiving all claims to the office for the term beginning July 1, 1942. Following the institution by appellee on March 14, 1942, of this declaratory judgment proceeding the Board again met and by a majority vote refused to accept the statement made by J. B. Reams to the Board on December 6, 1941, whereupon Reams formally withdrew the statement by which he had waived his claim. But it is not seriously contended that Reams has any title to the office. He had certainly resigned prior to January 8, 1942, and in fact signed as secretary of the Board the contract of that date between the Board and appellee reciting the latter's appointment and employment.

As we view the record, the real fight is between appellee, who seems to have been recommended for the office by the State Board of Education, and the County Board, which, apparently, was willing to resort to any means to defeat the guidance of the State authorities. Chestnut's counsel, in a separate brief, concedes that the procedure by which appellee was appointed was legal, and that the orders of the Board and the contract made pursuant thereto were sufficient to vest appellee with title "provided they are immune from attack," from which somewhat cryptic language and the ensuing portions of his brief we gather that his only defenses are "equitable" and predicated upon facts which do not appear from the orders or proceedings of the Board. While counsel for the remaining appellants do not expressly concede that Reams had no unrelinquished rights which constituted an obstacle to appellee's appointment, they rely principally on the same defenses. Accordingly, we shall group and dispose of them in convenient order without reference to the particular appellant in whose behalf they are made.

It is insisted that under the facts disclosed an action for declaration of his rights was not available to appellee; that quo warranto was the proper and exclusive remedy; and that in any event, the chancellor failed to allow appellants the time to which they were entitled to present their defenses. But Section 639a—2, Civil Code of Practice, expressly includes, among those who are entitled to seek a declaration of their rights or duties, any person "who is concerned with any title to property, office, status or relation"; and Section 639a—3 provides that "insofar as a declaration of rights is the relief asked, the case may be docketed for early hearing as in the case of a motion," thereby clearly indicating that in such cases the court is vested with wide discretion in determining the time in which the defendant may be required to respond and plead, regardless of the time limits governing the procedure in other actions. While the five days' written notice given by appellee, following the institution of the suit, of his intention to move for judgment, may, under other circumstances, have been insufficient, actually no harm was done, since the court extended the time in which defense was required to be made beyond the ten-day period prescribed by Section 445, Civil Code of Practice, as requisite to the rendition of judgment in summary proceedings. Appellants complain that they were not given additional time to make more specific certain of the original pleadings filed by them, but, as will become apparent, their defenses have been considered without regard to the manner in which they were pleaded. In order to avoid great confusion and harmful results, it was desirable that this action be finally disposed of prior to the beginning of the term of office in dispute, and we cannot say that the chancellor abused his discretion in entering judgment on April 11th, after having heard extensive arguments and ruled that the defenses interposed by appellants were insufficient. Moreover, counsel for the appellants concede that unless the defenses set forth in their pleadings and discussed in their briefs were sufficient to overthrow the formal legality of the Board's action in appointing appellee superintendent for the four-year term beginning July 1, 1942, the decree entered by the chancellor adjudging appellee to have been legally appointed was proper. Thus, likewise, all questions as to the propriety of the form of action employed by appellee become immaterial. We would not be understood, however, as holding that de-

claratory judgment proceedings may be substituted for ·"election contests," or that they are available in lieu of quo warranto to one asserting title to an office usurped by or actually in the possession of another. Here, the term of office in dispute had not begun, and appellee was clearly entitled to have determined in advance the rights and duties imposed upon him by the conflicting actions of the Board.

The so-called equitable defenses set forth by appellants in their pleadings and urged by counsel in their briefs are "duress" and "fraud," the former consisting of threats by the State authorities to prosecute certain members of the Board for offenses against the school laws, and the latter, of false representations by the appellee that he possessed a good moral character. Specifically it is alleged that he had been unduly intimate with a married woman and caused a separation between her and her husband. Appellants attempted to prove the charges by depositions which the court quashed, probably because the appointment of a county school superintendent does not result from a contract negotiated between the Board and the appointee, but from a formal election prescribed by statute, and once made in the manner prescribed, cannot be rescinded. A county school superintendent may be removed by a vote of four of the five members of the Board "for cause; provided that written notice setting out the charges for removal must be spread on the minutes of the board and given the superintendent fifteen days before action is taken on his removal." Kentucky Statute, Section 4399-34. But in the case at bar we are concerned only with the legality of appellee's appointment by the Board, not with grounds for his removal. Moreover, it does not appear that he was responsible for or participated in the alleged duress, or that the State authorities in endeavoring to secure appellee's appointment, were actuated by other than a desire to remedy conditions which appeared to them to be inimicable to the best interest of the county's school population.

The controlling rule is well stated in Board of Education of Boyle County et al. v. McChesney, 235 Ky. 692, 693, 32 S. W. (2d) 26, 29. Said the court:

"The case is not to be determined by the rules that govern the making of private contracts. The board

of education was exercising public authority, and when it elected the officer it was bound by that act unless a vacancy occurred by reason of a refusal to accept, a failure to qualify, or in consequence of some other cause. If the board should elect a person to the office and then ascertain that such person was lacking in the required educational qualifications, or the essential moral attributes, it would be necessary to resort to its power of removal. Kentucky Statutes, Section 4399a-7. Graham v. Jewell, 204 Ky. 260, 263 S. W. 693. The formal acceptance of the appointment was immaterial so long as the appointee assumed the office when the term of the incumbent expired, or within a reasonable time thereafter, Brown v. Rose, 233 Ky. 549, 26 S. W. (2d) 503.''

Upon the authority of that case, which, it may be noted, was an equitable proceeding, we are compelled to hold unavailing the alleged defenses under consideration.

Another defense interposed by pleading and urged in brief is that appellee at the time of his appointment by the Laurel County Board of Education was the duly appointed superintendent of schools of Jackson County for a period that would cover the years beginning July 1, 1942, and ending July 1, 1944, and had not been released from that contract. Conceding that the offices are incompatible, we know of no reason why he may not resign his appointment as superintendent of the Jackson County schools prior to the commencement of the term for which he was elected by the Laurel County Board of Education. Furthermore, acceptance of an incompatible office ipso facto vacates the office held prior to such acceptance. Middleton v. Middleton, 239 Ky. 759, 40 S. W. (2d) 311.

Since the judgment appealed from is in conformity with the views herein expressed, it is affirmed.

Whole Court sitting, except Judge Ratliff.