**C. H. FARLEY, Appellant,**

**v.**

**BOARD OF EDUCATION OF PIKE COUNTY, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellant.

Jean L. Auxier, Pikeville, Joe Hobson, Prestonsburg, for appellee.

MILLIKEN, Judge.

This appeal is from a judgment in an action brought by the Pike County Board of Education for a Declaration of Rights between the Board and C. H. Farley, Superintendent of Schools of Pike County.

The appellant, C. H. Farley, was elected Superintendent of Schools of Pike County and Secretary of the Board of Education for concurrent terms of four years, beginning July 1, 1962, and ending on June 30, 1966. Written contracts employing him for the respective terms were executed. However, on January 12, 1965, approximately eighteen months before the expiration of the terms just mentioned, the Board again elected Farley to be the superintendent of schools and secretary of the Board and entered into written contracts with him for four-year terms in each respective office beginning July 1, 1965, and ending June 30, 1969. On September 13, 1966, after the initial terms had expired on June 30, 1966, the Board met and unanimously approved the latter contracts of January 12, 1965.

It is the position of the Appellee Board that the latter contracts executed January 12, 1965, are void and unenforceable and it bases its case primarily on Board of Education of Pendleton County v. Gulick, Ky., 398 S.W.2d 483 (1966) and KRS 160.350. The pertinent part of the statute reads:

"Each board of education shall appoint a superintendent of schools whose term of office shall begin on July 1, following his appointment. The appointment may be for a term of one, two, three or four years. The board shall fix the salary of the superintendent at not less than $1,-200.00 per annum, to be paid in monthly installments. In the case of a vacancy in the office for an unexpired term, the board of education shall make the appointment so that the term will end on June 30."

The Gulick case contained a fact situation somewhat similar to this one. There, the Board employed Gulick for a four-year term beginning July 1, 1961, and ending June 30, 1965. On June 6, 1964, a majority of the Board entered an order employing Gulick as superintendent for another four-year term beginning July 1, 1964, (precisely one year before the end of the first term),

and terminating June 30, 1968. The court ruled that Gulick's second term contract was unenforceable, holding that:

"Our question relates to the power of the board of education in the present case to change a term after it has once been established under legislative authority."

\* \* \* \* \* \*

"In the present statute, a choice is given in the matter of the length of term to be fixed, either one, two, three or four years. But once the length of the term has been fixed, the board loses control over the term thus created. Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S.W.2d 26, 28 (1930) wherein it is said: 'When a power is given and has been exercised, and the repository of the power has no further control over the subject, except to remove the appointee for cause, the appointing power is exhausted and may not be reconsidered. \* \* \* Thus the appointment became complete, and the power of the board for the time being was exhausted.' "

\* \* \* \* \* \*

"Finally, we conclude the board of education was without power to create a new term before the end of and out of the previous term. Under any other conclusion, it would be possible for a superintendent, by hook or crook, barter or trade, to secure the votes of a majority of the board members, splice terms, and perpetuate himself in office indefinitely, thereby defeating the right of the people to indirectly select this important officer."

While the facts in Gulick and the case at bar have some resemblance, they do differ on at least two important points.

The first of these is that in Gulick, the terms of two members of the board who voted to create a new term of office for the superintendent would have ended before the expiration of the initial term created. In the case at bar, the terms of the

members of the Board who voted for Farley extended beyond the end of his initial term of office, and the same Board would have had full authority to give him another four-year term on June 30, 1966.

The other distinguishing feature between Gulick and this case is that the Board in Gulick did not ratify the second contract after the expiration of the first one as did the Pike County Board, which confirmed the latter agreement unanimously twenty-one months after making it and while the Board of that date had the authority to grant him a new contract..

We are not impressed with the materiality of the issue as to whether the Board's action in granting the superintendent a new four-year term in January 1965 was a void or voidable act. What we are impressed with is that the Board, in September 1966 unanimously approved, ratified, confirmed and adopted that contract which will terminate on June 30, 1969. Under the governing statute, KRS 160.350, the Board had the obligation of appointing a superintendent at the end of the first four-year term on June 30, 1966, if the second four-year term was invalidly created.

Obviously under the belief that its action in January 1965 in granting Farley another four-year term in office to begin July 1, 1965, and end June 30, 1969, was valid, the Board took no action in June 1966, when Farley's first four-year term terminated, to select a superintendent for a new term in office and Farley continued to perform the duties of the office. When the Board realized that our 1966 decision in Gulick cast a shadow on the validity of its January 1965 action in giving Farley a new term to end on June 30, 1969, it promptly adopted what it had done in January 1965 as the basis or framework for continuing him in office until June 30, 1969, as it had intended to do when it undertook to grant him the latter four-year term. Thus the pivotal issue in this case is not whether the Board's action in January 1965 was valid, but whether its action in September 1966 was valid.

We conclude that the Board's September 1966 action was a proper exercise of its power to appoint a superintendent for a term of office and that the effect of the September 1966 action was to grant Farley a three-year term of office beginning July 1, 1966, and ending June 30, 1969. The fact that this was done in September instead of before the previous June 30, when it should have been done, did not preclude the Board from acting—from seeing to it that the Pike County school system had a superintendent to supervise it. We conclude that Gulick does not govern the factual situation here encountered, because here the Board acted in September 1966, when it was entitled to act, and that its act amounted to giving Farley a three-year term in office beginning July 1, 1966.

The judgment is reversed.

All concur.