Case 56.—ACTION BY J. T. EVITTS AGAINST THE CITY OF PADUCAH FOR SALARY AS CITY JAILOR.—May 4.

## City of Paducah v. Evitts.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

Office and Officers — Ordinances — City Jailer —Salary—Deputy—
Duties.

1. Ordinances—City Jailor—Salary—Deputy—Under Ky. Stats., sec. 3154, providing for the election of a city jailer by the voters of cities of the second class, and fixing his compensation at not less than $1,500, nor more than $2,500 per an-

num, and allowing him a deputy jailer, an ordinance of a second class city fixing the salary of the city jailer at $1,320 per annum in full of all payments for cooks or other help which the city jailer may see fit to employ, is invalid to the extent that it allows him less than $1,500 per annum, and denies him a deputy jailer.

2. Janitor of City Hall—Duties of City Jailer—An ordinance of a second class city which provides that the jailer shall perform the duties of janitor of the city hall and the building adjacent thereto, in which is located the offices of the city engineer and the city street inspector, is valid under sec3145, Ky. Stats., which provides that the jailer "shall perform such duties as the general council may by ordinance prescribe."

CAMPBELL & CAMPBELL and E. H. PURYEAR, of counsel, for appellant.

1. The jailer was elected to the office with a full knowledge of the law and the power of the council to impose additional duties upon him, and it does not lie in his mouth to say that the city could not legally pass an ordinance requiring him to perform the duties of janitor of the city hall.

2. The most serious question involved in this case is whether sec. 3145, Ky. Stats., being a part of the charter of cities of the second class, is unconstitutional in so far as the Legislature seeks to fix the compensation or salary of the city jailer, and thereby prevent the city from prescribing what shall be the salary of its city jailer.

3. The status that the National government, the State government, the county government and the municipal government bear to each other in this country is decidedly unique. It will be found in no other government. Each in its peculiar sphere has, and exercises, powers that are peculiar to itself, and can not be constitutionally infringed by the other. Each is to that extent imperium in imperio. If this extremely nicely adjusted balance of powers is ignored and disturbed it produces such confusion and is fraught with so many evils to constitutional government that only the court with its strong arm can readjust matters. The office of a court is to see to it that one does not infringe upon the right of another.

4. The office of city jailer in cities of the second class is entirely municipal. It is not a constitutional office; for that instrument did not create it, nor does it mention it anywhere.

5. It seems to be the settled policy of the State that the city alone has the right to fix the salary of all of its officers, manifestly

for the reason that the city was the best judge of the extent of the compensation each officer should receive.

## AUTHORITIES CITED.

Ky. Stats., sec. 3145; Constitution, sec. 99; Crim. Code, sec. 26; City of Lexington v. Thompson, 24 Ky. Law Rep., 384; State of Nebraska v. Munroe, 76 N. W., 175; Fox v. Mohawk & H. R. Humane Society, 48 N. Y. Sup. Court, 625; Adkins v. Town of Randolph, 31 Vt., 226; State v. Denny, 118 Ind., 382 (4 L. R. A., 79); State v. Denny, 118 Ind., 449 (4 L. R. A., 65); Evansville v. State, 118 Ind., 426 (4 L. R. A., 95); Metropolitan Police Board v. Board Auditors Wayne Co., 68 Mich., 576; David v. Portland Water Committee, 14 Oregon, 98.

J. C. FLOURNOY for appellee.

It is the contention of the appellant in this action that the ordinance, entitled "An ordinance prescribing the duties and fixing the bond of the jailer of the city of Paducah, Kentucky," which is the first ordinance asked to be construed, is void for two reasons:

1. The first is, that it is entirely unreasonable to compel the jailer to act as janitor of the buildings belonging to the city, as this is not within the scope of the duties of his office. The jailer of a city is a part of the police machinery of the State; his duties pertain entirely to matters concerning the public peace, such as safely keeping and caring for prisoners, and compelling them to execute the judgment of the court visited upon them. Under this ordinance, however, his duties are menial in character, and comprise scrubbing floors, washing windows, sweeping out officers' rooms, and other work which has no logical nor legitimate connection with his position.

2. The doctrine that an unreasonable ordinance may be declared void by the courts, and that the question of its unreasonableness is a question for the court to settle, needs no citation of authorities to support it before this court, and, therefore, counsel will not attempt to cite any cases supporting this elementary and fundamental principle.

3. The other reason why the ordinance is invalid is that it relates to more than one subject, both in its title and in its body. It attempts in one section to fix the bond of a city jailer, and in another section to prescribe the duties he shall perform.

4. There can be no question at all but that the jailer of cities of the second class is a portion of the police machinery. His duties pertain entirely to the suppression of crime in the community, and this being the case, the Legislature unquestionably

has the right to control him as against the municipality, and has the right to fix his salary, as well as to say how he should be appointed.

### AUTHORITIES CITED.

Sec. 26, Criminal Code; Session Acts of the Ky. Legislature, 1902, chap. 8; City of Lexington v. Thompson, 24 Ky. Law Rep., 384; Neumeyer v. Krakel, 23 Ky. Law Rep., 195; Police Commissioners v. Louisville, 3 Bush, 195; Beach on Public Corporations, sec. 173; Dillon on Municipal Corporations, sec 60; Williams v Eggleston, 170 U. S., 1047.

OPINION BY JUDGE PAYNTER.—Affirming.

This action involves the question as to the validity of certain ordinances of the city of Paducah, a city of the second class. Section 3145, Ky. Stats., 1903, provides for the election of a city jailer in cities of the second class by the qualified voters, and that he shall hold his office for four years, and until his successor is elected and qualified, and that his compensation shall not be less than $1,500 nor more than $2,500 per annum, and that he shall be furnished a deputy jailer by the city. The general council of the city of Paducah enacted an ordinance, a part of which reads as follows: "That the city jailer of the city of Paducah, Kentucky, elected in pursuance of the general laws governing cities of the second class, shall receive as his compensation for his services the sum of thirteen hundred and twenty dollars ($1,320) per annum, payable in monthly installments as other salaries are paid. And said salary is to be in full of all payments of cooks or other help which the city jailer may see fit to employ." The question, then, is did the general council have the right to fix a less compensation for the jailer than that fixed by the statute for the government of cities of the second class? Section 3064, Ky. Stats., 1903, provides that the general council, unless otherwise provided by law,

shall fix the salaries and compensation and prescribe
the duties of all officers and deputies and employes
of the city, except as to persons in office when the
act took effect. It is evident from this section that
the Legislature did not intend that the general coun-
cil of cities of the second class should fix the salaries
of officers where they were fixed by the statute. It,
therefore, follows that the general council acted with-
out authority in fixing the salary of the jailer, and,
in effect, denying him a deputy. The ordinance is
in conflict with the statute in fixing the compensation
at less than the minimum salary fixed by the statute.

It is urged that the ordinance is valid, because of
the case of City of Lexington v. Thompson, 113 Ky.,
540, 68 S. W., 477, 24 Ky. Law Rep., 384, 57 L. R.
A., 775. The correctness of that case is seriously
questioned in a case now pending in this court. As-
suming that opinion to be correct, it does not an-
nounce a doctrine different from the conclusion we
have reached in this case. In that case the court
treated firemen as simply employes of the city, and
that their control and compensation received was left
entirely to the municipality; and this was upon the
idea that the right to employ and pay a fire depart-
ment is not a governmental function which should
be exercised or regulated by the Legislature. The
reasoning in that case shows that the control of the
police system of a city is a governmental function,
and forms a part of the State government, and is
subject to legislative control. In the case of Police
Commissioners v. City of Louisville, 3 Bush, 597, this
court held that the Legislature had the right to take
entire control of the police system in cities, unless
restricted by some constitutional provision. The of-
fice of jailer in cities is a necessary adjunct to the
enforcement of the penal and criminal laws of the

State. It is just as essential to have some place to confine violators of the law and those charged with offenses as it is to have officers to arrest and courts to try them. It is an office established for governmental purposes, and essential to the enforcement of the criminal and penal statutes of the State. The office is filled by an election of the people, and is a four-year term.

There is another ordinance, the validity of which is here questioned, which provides that the jailer shall perform the duties of janitor of the city hall and the buildings adjacent to the city hall property in which are located the offices of the city engineer and city street inspector. It is insisted that the jailer should not be burdened by the duties imposed by this ordinance, and the city has no right to impose it. Section 3145, Ky. Stats., 1903, provides that the jailer "shall perform such duties as the general council may by ordinance prescribe." When the appellee was elected and accepted the duties of the position, he did so with the knowledge that the general council had the right to prescribe his duties from time to time, therefore, we are of the opinion that the ordinance imposing this duty is valid.

The judgment is affirmed.