## Hurt v. Morgan County.

(Decided October 22, 1915.)

### Appeal from Morgan Circuit Court.

1. Officers—Increase or Reduction of Compensation—Constitutional Law.—Under sections 161 and 235 of the Kentucky Constitution, the salary of a county attorney cannot be changed during the term of office for which he was elected.

2. Officers—Increase or Reduction of Compensation—Constitutional Law.—In carrying out the provisions of sections 161 and 235 of the constitution, which prohibit the changing of a county attorney's salary during his term of office, it is the duty of the fiscal court, by an order entered before the election of the county attorney, to fix his salary for the ensuing term, but if it should fail to do this, it has the right to fix the salary after the county attorney's election and before his qualification, or even after he has taken office.

3. Evidence—Records.—A court speaks by the record, and can speak in no other way.

4. Officers—Salaries.—A member of a county fiscal court cannot legally vote so as to break a tie, upon a motion to fix his own salary as county judge.

5. Judgment.—A judgment of a court having jurisdiction cannot be attacked in a collateral proceeding.

FOGG & KIRK for appellant.

A. N. CISCO for appellee.

Opinion of the Court by Chief Justice Miller—Reversing.

This appeal contests the right of the fiscal court of Morgan County to reduce the salary of the appellant, S. M. R. Hurt, as county attorney.

Section 161 of the Kentucky Constitution, reads as follows:

"The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Section 235 of that instrument, further provides:

"The salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the General Assembly to regulate by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also."

The appellant was elected county attorney for Morgan County at the regular election held in November, 1913, for a term of four years beginning January 1st, 1914. The compensation of his office at the time he was elected was $900.00 per year. The orders of the fiscal court show that an annual salary of $900.00 had been paid to Haney, his predecessor in office, from 1910 to 1914, although there was no order of court formally fixing his salary.

At the meeting of the fiscal court held November 29th, 1913, after appellant had been elected, but before he had qualified as county attorney, the following action was taken:

"On motion of W. G. Short and second by Franklin Walters that the salaries of the county judge, county attorney and school superintendent for this ensuing term, beginning January, 1914, be fixed at $900.00 each, and yea and nay votes:

"W. G. Short, Yea.　　　　S. S. Dennis, not voting.
"E. W. Day, Yea.　　　　·J. S. McGuire, Nay.
"A. F. Blevins, Yea.　　　J. E. Lewis, Nay.
"Franklin Walters, Nay.

"There being three yeas and three nays and a tie vote, I. C. Ferguson, county judge, presiding, voted yea and the motion carried."

The fiscal court paid appellant $900.00 for his services as county attorney for the year 1914; but, at the regular term of the court held in November, 1914, it entered the two following orders:

"(1) On motion of B. F. Blankenship and second by J. M. Carpenter, it is ordered and directed that the county judge and county attorney receive at the rate of $900.00 per year each, for their salaries up to January 1st, 1915.

"(2) Motion made by B. F. Blankenship and second by J. R. Day that the salaries of the county attorney and county judge be, and they are hereby fixed at the sum of $600.00 per year, beginning January 1st, 1915."

From this last order reducing his salary to $600.00 per year, Hurt prosecuted an appeal to the circuit court. A jury trial was waived, and the case was tried by the circuit judge; and from his judgment affirming the order of the fiscal court, Hurt prosecutes this appeal.

The meaning of section 161 of the Constitution, above quoted, is in no sense doubtful. It provides, in express terms, that the compensation of a county officer shall not be changed after his election or appointment, or during his term of office.

Section 235 of the Constitution repeats the provision, by saying that "the salaries of public officers shall not be changed during the term for which they were elected."

The purpose of these salutary constitutional provisions was to put it beyond the power of the fiscal court, either to reward its attorney by raising his salary, or from punishing him by reducing his salary, during his term of office.

This purpose is carried out by fixing the salary before those whose duty it is to fix it, know who the incumbent will be. This is especially important with reference to the office of county attorney, who should, above all other officers, be entirely free from the influence that the power to regulate his pay would give to another.

In carrying out the provisions of the Constitution, above quoted, it was the duty of the fiscal court, by an order entered before the election of the county attorney, to fix his salary for the ensuing term; but, having failed, in this case, to fix the salary before his election, it had the right to do so after his election and before his qualification, or even after he had taken office. Barrett v. City of Falmouth, 109 Ky., 151; Marion County Fiscal

Court v. Kelly, 112 Ky., 831; Jefferson County v. Waters, 114 Ky., 48; Butler v. James, 116 Ky., 575; McNew v. Nicholas, 125 Ky., 66; Grayson County v. Rogers, 122 S. W., 868; Fox v. Lantrip, 162 Ky., 184.

It is clear, therefore, that the order of November 29th, 1913, fixing appellant's salary at $900.00 was properly entered, and the subsequent order of November 26th, 1914, changing his salary to $600.00 per year, from January 1st, 1915, was unauthorized and invalid.

The circuit judge seems to have reached his decision upon the theory that the order of November 29th, 1913, fixing appellant's salary at $900.00, was improperly entered, and was, therefore, ineffectual, for any purpose. This conclusion was based upon the testimony of S. S. Dennis, who was a member of the fiscal court at that time, and had been elected county judge at the November election three weeks before, although he did not take his seat as judge until January, 1914.

Dennis testified that he was present at the meeting of the fiscal court on November 29th, 1913, but that he was prevented from voting on the motion fixing appellant's salary at $900.00 because the clerk, Sebastian, told him he had no right to vote, and but for this advice he would have voted against fixing the salary of the county attorney at $900.00. This testimony was admitted over the objection of appellant.

Dennis, however, admits that after he qualified as county judge he received his salary at the rate of $900.00 per year, under the order of November 29th, 1913.

There are several reasons why the testimony of Dennis was incompetent. In the first place, the order in question also fixed Dennis's salary as county judge; and, being interested, he was not competent to vote upon the motion and thus break the tie. Grayson County v. Rogers, *supra;* Thomas v. O'Brian, 138 Ky., 775.

A court speaks by the record, and can speak in no other way. And, having spoken through the judgment and within its jurisdiction, the ruling is conclusive in a collateral proceeding and cannot be questioned, as is here attempted. Grayson County v. Rodgers, *supra.* If a judgment could be attacked indirectly, there would be an end to that confidence in the stability of judgments, regularly entered, which is the very foundation of our system of jurisprudence.

Judgment reversed for further proceedings consistent with this opinion.