# Howell v. City of Ashland.

(Decided May 29, 1931.)

J. B. ADAMSON, SAM SPARKS, TOM BURCHETT, EARL R. STEPHENS and VINSON & MILLER for appellant.

JOHN T. DIEDERICH for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

The city of Ashland in Boyd county, Ky., was by the Acts of 1924, chapter 82, page 215, transferred from the third to the second class. Cities of the second class have city jailers elected by the people as provided by section 3145, Kentucky Statutes. The appellant, Ben Howell, was elected jailer for the city at the regular November election in 1924. He did not, however, actually obtain possession of the office until February 24, 1925; the delay being caused by some character of litigation which terminated favorably to him. On the 16th day of December, 1924, the general council of the city enacted an ordinance providing for the payment of 30 cents per meal to the person furnishing meals to city prisoners. This sum was paid to the appellant from the date of his induction into office until February 15, 1927. The city council then pased an ordinance reducing the price per meal from 30 cents to 20 cents, which he accepted under protest. After the expiration of his term of office he brought this suit against the city of Ashland to recover the sum of $1,898.50, the difference between 30 cents and 20 cents

per meal during the period from February 15, 1927, until December 31, 1927. The cause having been submitted to the court for judgment upon an agreed statement of facts, and the court requested to make a separate finding of law and facts, resulted in a judgment dismissing plaintiff's petition. The circuit court took the position that the city could let the contract for feeding prisoners to any one; that the jailer did not have to feed them unless the price was agreeable to him, but, having done so, knowing the reduced price, he was not entitled to recovery, holding that the ordinance fixing 20 cents was an amendment to the thirty-cent ordinance. The appellant sets out two grounds for the reversal of the judgment: (1) The feeding of city prisoners is an inherent duty of the jailer. Therefore, these duties could not be delegated to another person. (2) That the ordinance of February 15, 1927, changing the price for feeding prisoners, violates section 161 of the Constitution. Section 3145 of the Kentucky Statutes reads: "Election; Qualifications; Term; Deputy; Salaries; Duties.—There shall be elected by the qualified voters of the city a city jailer, who shall be not less than twenty-five years of age and an elector of the city. He shall hold his office for four years and until his successor is elected and qualified. He shall perform such duties as the general council may, by ordinance, prescribe. His compensation for said duties shall not be less than one thousand five hundred dollars ($1,500.00) nor shall it exceed two thousand five hundred dollars ($2,500.00) per annum. The city jailer shall be furnished a deputy by the city. Said deputy shall be appointed by the city jailer. Said deputy shall perform such duties as the general council may, by ordinance, prescribe. His compensation for said duties shall not be less than nine hundred dollars ($900.00), nor shall it exceed one thousand two hundred dollars ($1,200.00) per annum. All the property, machinery and equipments of the city jail shall be under the immediate control of the city jailer." This section of the Statutes authorizes the city council to fix the salary and prescribe the duties of the city jailer and that he shall perform such duties as the city council may prescribe. It fixes the salary at not less than $1,500 per year and not more than $2,500. The jailer holds his office by virtue of this section, performing the duties designated under this section, and there is no provision for any salary, fee, or commission, other than

herein prescribed. The city enacted an ordinance effective December 1, 1924, which reads: "An ordinance providing for the feeding of prisoners and authorizing the auditor to pay the person furnishing meals at 30 cents per meal. Section 1. That the auditor be and he is hereby directed to pay to the person furnishing meals to city prisoners certified by Chief of Police, the sum of 30c per meal furnished prisoners in the city jail, to be effective December 1, 1924." This ordinance was effective at the time Mr. Howell was inducted into office as jailer of the city of Ashland. It will be observed that this does not make it the duty of the jailer to feed these prisoners, but merely states that the person furnishing the meals to city prisoners shall receive 30 cents per meal. The appellant's brief says: "It is likely that this language was used because a person other than the jailer was feeding the prisoners." It is to our minds quite probable that it was a wise precautionary method of the city council to insure proper feeding of the city prisoners. However, that is aside from the question here.

On the 17th day of August, 1926, the city council enacted an ordinance reading as follows:

"An Ordinance fixing the salary, bond of the city jailer and prescribing his duties and powers.

"Be it enacted: That the city jailer of the city of Ashland, Kentucky, elected in pursuance of the general law of the State of Kentucky, governing cities of the second class shall receive as full compensation for his service, as such City Jailer, the sum of $1,500.00 per annum, payable in bi-monthly installments out of the City Treasury as other salaries are paid. The said salary to be in full for all payment of cooks or other help which he may see proper to employ except a deputy jailer. . . .

"Section 5. All prisoners committed to the city jail, either in compliance with any order of the City Court or for the purpose of detention awaiting trial, shall be in charge of and under control of the City Jailer, subject, however, to the orders of the city Court."

By this ordinance a salary was fixed for the jailer at $1,500 and his duties prescribed.

On the 15th day of February, 1927, the ordinance fixing the price for dieting city prisoners at 20 cents was enacted, which reads:

"An Ordinance providing for the payment for meals served city prisoners by the city jailer.

"Section 1. That the city Jailer be allowed and he is hereby allowed the sum of twenty cents (20c) for each meal served each prisoner in the city jail.

"The said jailer shall keep an accurate and proper record of the number of meals served each day and on the first and sixteenth days of each and every month, this record, bearing the certification and approval of the Chief of Police Department shall be presented to the city Auditor.

"The city Auditor is hereby authorized and directed to issue vouchers, compensating the city jailer according to the rate herein fixed."

From the 16th day of February, 1927, to December 31, 1927, the jail furnished 18,985 meals. The difference between the 20-cent rate and the 30-cent rate is $1,898.50, the amount sued for. It is undenied that the jailer received a salary of $1,500, which is in accordance with the section of the Statutes fixing the salary for jailers of cities of the second class. It is the contention of the city that, under section 3145 of the Statutes above, a city jailer is entitled to receive no salary other than that fixed by the city council, that this salary must be fixed between the two limitations, and that for the salary so fixed, he is legally bound to perform the dutes also prescribed by the city council. There was no ordinance making it the duty of the city jailer to feed prisoners until the enactment of the ordinance of February 16, 1927. The ordinance under which he had theretofore drawn the 30 cents per meal was not an ordinance making it the duty of the jailer to perform that service. From December 1, 1924, to February 17, 1927, the jailer was not feeding the prisoners under an ordinance fixing his salary and defining his duties. On February 16, 1927, the city council saw fit to reduce the amount for feeding the prisoners from 30 cents to 20 cents per meal. Prior to this time an ordinance had been enacted fixing the salary and prescribing the duties of the jailer. This ordinance did not make it his duty to feed the prisoners. The

council did not, evidently, consider the sum paid for dieting these prisoners to be any compensation to jailer. It was intended to pay for the food actually consumed and making it the duty of the jailer to prepare and serve it. If you consider it as a fee, then his salary exceeds $2,500, the maximum limit under the Statutes. The exact question here presented has never been before this court. In City of Paducah v. Evitts, 120 Ky. 444, 86 S. W. 1123, 1124, 27 Ky. Law Rep. 867, in discussing section 3145, Kentucky Statutes, providing that the jailer "shall perform such duties as the general council may by ordinance prescribe," the court held an ordinance valid requiring the Jailer to act as janitor for the city hall and buildings adjacent thereto in which city offices were housed. The court said, in that case:

"There is another ordinance the validity of which is here questioned, which provides that the jailer shall perform the duties of janitor of the city hall and the building adjacent to the city hall property in which are located the offices of the city engineer and city street inspector. It is insisted that the jailer shall not be burdened by the duties imposed by this ordinance, and the city had no right to impose it. Section 3145, Ky. Stats., 1903, provides that the jailer 'shall perform such duties as the general council may by ordinance prescribe.' When the appellee was elected and accepted the duties of the position, he did so with the knowledge that the general council had the right to prescribe his duties from time to time, therefore we are of the opinion that the ordinance imposing this duty is valid."

We find the general rule not to be different in the case of City of Newport v. Ebert, 111 S. W. 330, 331, 33 Ky. Law Rep. 820, cited and relied upon by the appellants. In that case the court said:

"By the provisions of its charter the city of Newport must pay to the city jailer not less than $1,500. We are of the opinion, however, that it may provide, where it fixes his salary in excess of this sum, as was done in the present case, that the city jailer must look to his fees for the sum so fixed in advance of $1,500. . . . In this case the salary was fixed at $1,800. The effect of the ordinance, therefore, is to credit the city of Newport by fees received in the sum of $300. . . . This view of

the ordinance permits the jailer to retain all fees allowed him by law for taking care of the county, state, and federal prisoners. If these fees amount to less than $300, the city must pay him enough to make his salary $1,800. If they amount to more than $300, the city shall have credit to the extent of $300.''

It is pointed out by appellant that as the jailer is elected by the people, feeding the prisoners is an inherent duty. We cannot subscribe to that conclusion. There are no inherent duties of city jailers except as provided by statute. In the case at bar, the jailer did feed the prisoners. Hence, no such question is before us as to his inherent rights to do that duty. The circuit court held in its findings of law that since neither the statute nor the ordinance fixing his salary and duties prescribed feeding the prisoners as his duty, the second ordinance ''fixing the amount for the City Jailer for feeding prisoners,'' strictly construed, does not make it his duty to do so, but merely fixes the amount where such duties are performed by him.

The second ground relied upon for a reversal of this judgment is that the ordinance fixing the fee of 20 cents violates section 161 of the Constitution, which provides the compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment or during his term of office, nor shall the term of any such officer extend beyond the period for which he may have been elected or appointed; this contention being based upon the idea that this fee was a part of the official salary. To our minds this position is not tenable for the reasons above stated. A salary was fixed by ordinance and no mention was made of fees. The ordinance effective December 1, 1924, fixing the fees at 30 cents per meal for dieting prisoners was not an ordinance designating any particular person. It describes no duties of the jailer. The duty and salary of the jailer were not fixed by ordinance as provided by section 3145 until August 17, 1926. In the case of Roberts v. Walker, 227 Ky. 591, 13 S. W. (2d) 761, this court reviews the question and reannounces the rule that where a salary of an official was not fixed before his election the salary may be fixed after his election or even after he has taken office, but that as fixed, it shall not be changed. Butler County v. James, 116 Ky. 577, 76 S. W. 402, 25

Ky. Law Rep. 801; Marion County Fiscal Court v. Kelly, 112 Ky. 831, 56 S. W. 815, 22 Ky. Law Rep. 174; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Hurt v. Morgan County, 166 Ky. 364, 179 S. W. 255.

We therefore conclude that the fees paid for feeding prisoners were no part of the jailer's salary. Hence, the ordinance changing fees did not violate the inhibition of section 161 of the Constitution. The fees paid to the jailer were not paid to him in his official capacity, but as the person rendering the service without regard to his official status.

We are therefore of the opinion, and so hold, that the trial court properly dismissed plaintiff's petition.

Judgment affirmed. Whole Court sitting.