## City of Pikeville et al. v. Stratton.

(Decided Jan. 15, 1935.)

SIDNEY TRIVETTE for appellants.

W. K. STEELE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This suit involves a controversy over the salary of the chief of police of the city of Pikeville, a city of the fourth class, for the term beginning on the first Monday in January, 1932.

On December 4, 1929, the city council adopted an ordinance fixing the salary of the chief of police at $150 per month. At that time the chief of police was ap-

pointed by the council for a term of two years, but thereafter, and more than sixty days before the November, 1931, election, an ordinance was adopted changing the method of selecting the chief of police and providing for his election by the voters of the city. The passage of that ordinance ipso facto changed the term to one of four years. Constitution of Kentucky, sec. 160; Baker v. Combs, 194 Ky. 260, 239 S. W. 56.

Appellee, T. M. Stratton, was elected chief of police of Pikeville at the election held in November, 1931, for the four-year term beginning on the first Monday in January, 1932. On December 17, 1931, the board of council adopted an ordinance fixing the salary of the chief of police at $135 per month, and, the city having refused to pay more than that sum, the appellee conceiving that the ordinance of December 5, 1929, fixed the salary at $150 month until repealed or amended and that the board of council was without authority to change the salary for the term beginning on the first Monday in January, 1932, after his election, brought this action to compel the city to pay him at the rate of $150 per month.

A demurrer to the petition was overruled, and the city having refused to plead further, a judgment was entered in accordance with the prayer of the petition.

Section 235 of the Constitution provides that the salaries of public officers shall not be changed during the terms for which they were elected and section 161 of the same instrument forbids the changing of the compensation of any city officer after his election or appointment or during his term of office. However, where the compensation of a municipal officer is not fixed before election, it may be fixed after his election, but, when so fixed, it cannot be changed during his term. Howell v. City of Ashland, 239 Ky. 349, 39 S. W. (2d) 468; Roberts v. Walker, 227 Ky. 591, 13 S. W. (2d) 761; Hurt v. Morgan County, 166 Ky. 364, 179 S. W. 255; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133.

The sole question here is: Did the ordinance of December 5, 1929, fix the salary of the chief of police of the city of Pikeville only for the succeeding two-year term or was it in effect until repealed or amended?

In Marion County Fiscal Court v. Kelly, 112 Ky. 831, 56 S. W. 815, 816, 22 Ky. Law Rep. 174, cited and

relied on by appellant, the fiscal court at the October term, 1897, fixed the salary of the county judge for the year 1897 by an order which read:

"It is ordered that the salary of the county judge for the year 1897 be fixed at $800.00."

Kelly was elected county judge at the regular November election in 1897, and, at a special term of the fiscal court held on January 2, 1898, the annual salary of the county judge was fixed at $600. It was held that the order of the fiscal court made at its October term, 1897, did not purport to fix an annual salary for the ensuing term, but distinctly prescribed that the salary of $800 should be limited to the year 1897, and that, therefore, the action of the fiscal court in fixing the salary of the county judge at $600 annually for the term beginning on the first Monday in January, 1898, was not violative of the provisions of section 161 of the Constitution, although the order was made subsequent to the election and qualification of Kelly. It appeared in that case that the fiscal court had fixed the salary of the county judge each year and that its members believed they were without authority to fix it for a longer period.

In the case before us, the board of council on December 4, 1929, adopted an ordinance fixing the salaries of the city officers. Section 2 of the ordinance reads:

"The salary of the Chief of Police be and the same is fixed at the sum of $150.00 per month, said sum to be in full payment for all services rendered on behalf of the City of Pikeville."

The salary of the chief of police fixed by the ordinance was not limited to a specific year or years, and consequently, this section of the ordinance remained in force until repealed or amended. It is true the title of the ordinance recited that it was an ordinance fixing the salaries of the officers of the city of Pikeville for the term beginning the first Monday in January, 1930, but the body of the ordinance clearly indicates the purpose of the city council to fix the salaries until changed by ordinance. Section 51 of the Constitution has no application to city ordinances and the charter of cities of the fourth class contains no provision requiring the subject-matter of ordinances to be expressed in the title, though there is such a provision in the charter of cities of the first and second class. Sections 2777 and 3059, Ken-

tucky Statutes. The body of the ordinance is controlling and it is not necessary that the subject-matter should conform to the title, nor that the title should be a true index of what the ordinance contains. In fact the title is wholly unnecessary. Swann v. City of Murray, 146 Ky. 148, 142 S. W. 244; Kentucky Light & Power Co. v. James H. Williams & Co. (Ky.) 124 S. W. 840.

The judgment is affirmed.

Ratliff, J., not sitting.