## Asher, Treasurer, Bell County, v. Wilson, County Attorney.

April 27, 1943.

Cleon K. Calvert for appellant.

Logan E. Patterson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

The appellee was elected county attorney of Bell County at the November election, 1941 and assumed office for a four-year term on January 5, 1942. On May 24, 1937, the fiscal court fixed the salary of the county attorney for the four-year term beginning the first Monday in January, 1938, at $2,400 per annum. No subsequent orders were made by the fiscal court pertaining to the salary of the county attorney until December 3, 1941 (after the appellee's election), when the salary for the appellee's four-year term was fixed at $3,000 per annum.

The appellant, being uncertain as to the validity of the increase in salary, withheld payment to the appellee. This action was filed by the appellee seeking an injunction to compel payment. From a judgment granting the relief sought this appeal is prosecuted.

The question is not an open one. In Roberts v. Walker, 227 Ky. 591, 13 S. W. (2d) 761, the salaries of the county attorney and county judge were fixed by the fiscal court after their election but before qualification. In holding that section 161 of the Constitution, which prohibits a change in the compensation of an officer after his election, does not forbid the fixation of salary after election when it had not theretofore been fixed, we said:

"But, when the fiscal court has failed to fix the salary of a county officer before his election, the constitutional provision does not disable the court from entering an order fixing his salary after his election. The Constitution does not provide that the salary of the officer shall not be fixed after his election, but only that it shall not be changed. It has been the settled practice to fix the salaries after the election when they had not been established by previous action. That practice has been sanctioned by this court. Butler County v. James, 116 Ky. [575], 577, 76 S. W. 402, 25 Ky. Law Rep. 801; Marion County Fiscal Court v. Kelly, 112 Ky. 831, 56 S. W. 815, 22 Ky. Law Rep. 174; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Hurt v. Morgan County, 166 Ky. 364, 179 S. W. 255."

We adhere to the decisions approving this practice. The wisdom of the decisions is open to question but it is

obvious, in view of the long line of decisions and reliance placed on them, that the question of change is one that now addresses itself to the Legislature and not to the courts.

Affirmed.