# Perkins v. Cumberland County.
## Same v. Norris, Judge et al.

June 18, 1943.

Tanner Ottley for appellant.

Harlin Judd, County Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

In April, 1941, the fiscal court of Cumberland County entered an order fixing the compensation of county officers for the four-year term beginning January 1, 1942.

This order fixed the compensation of the jailer "for janitor service" at $300 per year.

At the October session 1942 of the fiscal court the appellant filed an itemized statement showing that it was necessary to expend $75 per month to keep the courthouse and other public buildings in a clean and comfortable condition and moved the court to make an appropriation accordingly for the months of November and December, 1942 and for the twelve months of 1943.

The fiscal court took no action on the claim. The county judge certified that the fiscal court refused to act on the claim and the claim, with this certification, was filed in the circuit court as a purported appeal from the action of the fiscal court. At the same time a petition in equity was filed seeking judgment for $75 per month for the months of November and December, 1942 and further seeking mandatory relief requiring the fiscal court to make an allowance of $75 per month for each month of the year, 1943.

The fiscal court filed demurrer but no action was taken thereon. The first paragraph of the answer was a general denial. The second paragraph pleaded that the fixing of the jailer's compensation in April, 1942 prevented the fiscal court from changing the salary during the appellant's term. The appellant's demurrer to the second paragraph was overruled and upon his failure to plead further the proceedings were dismissed. This appeal follows.

Since we have determined that the trial court was correct in dismissing the proceedings on the merits, we will indulge in no discussion of the procedure further than to say that it is doubtful, to say the least, that it was appropriate.

By virtue of sections 161 and 235 of the Constitution of Kentucky the salary or compensation of a public officer may not be changed during the term for which he was elected. We have frequently held that it is the duty of the fiscal court to fix the compensation of county officers before election and that in case of failure so to do the compensation may be fixed afterwards. Roberts v. Walker, 227 Ky. 591, 13 S. W. (2d) 761; Hurt v. Morgan County, 166 Ky. 364, 179 S. W. 255; Asher v. Wilson, 294 Ky. 110, 171 S. W. (2d) 17. Thus, the action of the fiscal court in fixing the compensation of officers in April,

1941 for the four-year term beginning January 1, 1943 was proper. And the compensation having been fixed, it could not be changed during the appellant's term.

It is the contention of the appellant, however, that a different rule applies as to the compensation of the jailer for janitor service in view of the terms of section 3948 of the Kentucky Statutes (now KRS 67.130). That section provides in part that the fiscal court of each county "shall annually appropriate, of the county funds, a sum sufficient to purchase the labor and materials necessary to keep the public property aforesaid, including the jailer's residence, if owned by the county, in repair and in clean, comfortable and presentable condition, and heat and light the same; said sum so appropriated to be expended by the jailer for the purposes aforesaid;".

It is insisted that by reason of this statute the fiscal court must make an annual appropriation for janitor service and that it was without authority to fix this compensation for the four-year term by the order of April, 1941. We find, however, that in Brummal v. Jackson, 145 Ky. 630, 140 S. W. 1016, it was held that the purpose of this statute was to enable fiscal courts to employ the jailers and pay them a reasonable compensation for the services required. Therefore, since the amount payable for janitor service is compensation to the jailer for rendering the service it is clearly the duty of the fiscal court to fix this compensation just as the compensation of other officers. And having fixed it, just as clearly the court is without power to change it during the incumbent's term.

To construe section 3948 as requiring the fiscal court to fix this compensation of the jailer annually would bring the section squarely in conflict with the sections of the Constitution mentioned above. The statute, in addition to authorizing compensation of the jailer for janitor service, entrusts him with the expenditure of such sums as are necessary to keep the public buildings in repair and to heat and light them, Brummal v. Jackson, supra, and such sums as are required to fulfill the purpose of the act, over and above the jailer's compensation for janitor service, should be appropriated annually by the fiscal court but the jailer's compensation should be fixed in advance of his election and, being fixed, cannot be changed during his term.

In Wolfe County v. Tolson, 283 Ky. 11, 140 S. W.

(2d) 671, where the jailer adopted the same procedure undertaken here and actually secured a judgment for increased compensation, the judgment was held void because the only remedy was by appeal from the order fixing the "salary". It was there recognized that the fixing of compensation of the jailer for janitor service for a four-year term was an action of the fiscal court governed by sections 161 and 235 of the Constitution.

It may be argued that where this compensation is fixed, as it was here, before the jailer is elected (and possibly even before he was a candidate), he is deprived of any remedy if he may proceed only by appeal since such an appeal can only be taken within sixty days from the entry of the order. This question was disposed of in Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S. W. (2d) 407, the court saying that presumptively the officer knew what compensation had been fixed and must accept the salary as fixed.

It is our conclusion that the fiscal court had authority to fix the appellant's compensation by the order of April, 1941 and that, having fixed it, the only remedy was by an appeal therefrom. Wolfe County v. Tolson, supra; Caddell v. Fiscal Court of Whitley County, supra. In the latter case it is pointed out that section 729 of the Civil Code of Practice requires such an appeal to be taken within sixty days. The trial court correctly dismissed the proceedings.

Affirmed.