## Davis v. City of Jenkins et al.

February 13, 1951.

Rehearing Denied April 27, 1951.

Sam Ward, Judge.

Sanders & Hyden for appellant.

Francis M. Burke for appellees.

CHIEF JUSTICE CAMMACK—Affirming.

In 1948, the General Assembly changed the classification of the City of Jenkins from sixth class to fourth class. At the regular election in November, 1949, Harold Davis was elected Mayor of Jenkins. At the time Davis entered upon the duties of his office there was no ordinance in effect in Jenkins fixing the salary of the mayor or any of the other officers of the city. KRS 86.180(2) provides that the mayor of a fourth class city shall be

allowed an annual salary, to be fixed by the city council. KRS 86.070(3) provides that the mayor of a fourth class city shall preside at all meetings of the council and shall decide all points of order. That section provides, also that the mayor may vote only in the case of a tie, or when his vote is necessary to make a quorum.

At a regular meeting held on February 6, 1950, the salary for the Mayor of Jenkins was fixed at $300 per month. Three of the councilmen voted in favor of the proposition and three against it. Mayor Davis cast the deciding vote in favor of the proposition. For three months Mr. Davis was paid a salary of $300 per month. Thereafter, over the Mayor's veto, the Mayor's salary was fixed at $50.00 per month. Davis instituted this action to have his salary fixed as provided in the ordinance of February 6th. The appeal is from a judgment in favor of the City.

If there had been an ordinance in effect fixing the Mayor's salary at the time of Davis' election in the fall of 1949, the question would have been a simple one coming within the scope of Section 161 of the Constitution, which provides that the compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office. However, the facts in the case present the narrow question of whether it was legal for the Mayor to cast a vote in fixing his own salary. In the case of Hurt v. Morgan County, 166 Ky. 364, 179 S. W. 255, and cases cited therein, we said that an officer should not sit in his own case, or act in a matter affecting the public when he has a direct, pecuniary interest therein. In Kendall v. Stafford, 178 N. C. 461, 101 S. E. 15, it was pointed out that it was against the public policy of the state, well founded in the statutes and judicial decisions, for an officer to sit in judgment on his own cause, and that the principle was one of common law which had existed for hundreds of years. In McQuillin, Municipal Corporations, 3rd Edition, Vol. 4, section 12.178, p. 22, it is pointed out that public policy forbids one to sit as a "judge of his own case." It is pointed out in McQuillin also that, while a statute might confer power on the members of a local legislative body to fix their own salaries, such a grant would be construed strictly, and it would be necessary that the power be couched in ex-

872

press terms. Therefore, we do not think that the provision of KRS 86.180(2), authorizing the city council to fix the Mayor's annual salary, is sufficient to validate the act of Mayor Davis in casting the deciding vote on the question of his own salary.

Since the judgment of the lower court is consistent with the views expressed herein, it is affirmed.